# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13-11794 |
| Eduardo Araujo & Sandra Mejia, ) | Judge Jack Schmeterrer |
| ) | CHAPTER 13 |
| ) | |
| Eduardo Araujo & Sandra Mejia, ) | |
| Plaintiffs, ) | |
| v. ) | ADV. NO. 13 AP 01219 |
| BENEFICIAL FINANCIAL I INC, ) | |
| Defendant, ) | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. The Plaintiffs are Eduardo Araujo & Sandra Mejia ("Plaintiff").

2. The Defendant is Beneficial Financial I Inc. ("Defendant").

### B. Factual Background

1. On or about March 22, 2013 Plaintiff filed a petition under Chapter of the Bankruptcy code.

2. Plaintiff owns real estate commonly known as 15248 Oak Rd Oak Forest, IL 60452.

3. That Bank of America, N.A., holds a first mortgage lien on the real property commonly known as 15248 Oak Rd Oak Forest, IL 60452 in the approximate amount of $278,162.99, pursuant to Proof of Claim #4, filed by Bank of America, N.A., on April 24, 2013.

4. The Defendant holds a second mortgage lien on the real property known as 15248 Oak Rd Oak Forest, IL 60452, in the approximate amount of $32,367.44, pursuant to Proof of Claim, filed by BENEFICIAL FINANCIAL I INC, on April 2, 2013.

5. That the Plaintiffs obtained a Comparable Market Analysis of the property indicating the value of 15248 Oak Rd Oak Forest, IL 60452 as $177,466.00. Said Comparable Market Analysis was performed on July 24, 2013 by Billy Smith CRS, ABR, GRI.

6. The Modified Chapter 13 Plan filed on June 18, 2013, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $815.00 per month for 60 months.

7. *[handwritten: Under the Chapter 13 Plan, general unsecured creditor will be paid 10% of their allowed claim]* On October 8, 2013, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 15248 Oak Rd Oak Forest, IL 60452.

8. That on October 18, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 636 Grand Regency Blvd., Brandon, FL 33510 upon the registered agent Kathryn Madison at 961 Weigel Dr., Elmhurst, IL 60126, and CT Corporation System at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

10. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

11. No evidence has been presented to challenge the property value of $177,466.00.

12. The first secured claim of Bank of America, N.A. in the amount of $278,162.99 exhausts the value and equity in Plaintiff's residence.

13. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

1. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Bank of America, N.A. in the amount of $278,162.99.

3. BENEFICIAL FINANCIAL I INC holds the second lien on the property located at 15248 Oak Rd Oak Forest, IL 60452 in the amount of $32,367.44.

4. That value of Plaintiff's residence is $177,466.00.

5. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(a) and 1322.* If a debtor's

Chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11U.S.C.§349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 1/21/14

Enter:

United States Bankruptcy Judge

JAN 21 2014

/s/ Thomas G. Stahulak
Attorney for the Plaintiff
Thomas G. Stahulak
STAHULAK & ASSOCIATES
53 W. Jackson Blvd, Ste 652
Chicago, Illinois 60604
Tel: (312) 662-1480
Fax: (312) 268-732